# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS C. WYNN a/k/a THOMAS )<br>CARROLL WYNN and TABITHA V. WYNN )<br>a/k/a TABITHA VERONICA WYNN, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION<br><br>No. 10-1135-KHV |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiffs' <u>Motion For Entry Of Default And Judgment By Default With Affidavit Attached</u> (Doc. #5) filed July 15, 2010, which the Court construes as a motion for entry of default. For reasons set forth below, the Court finds that the motion should be sustained.

## Procedural History

On April 28, 2010 plaintiff United States of America filed a complaint which alleges that defendants, Thomas C. Wynn a/k/a Thomas Carroll Wynn and Tabitha V. Wynn a/k/a Tabitha Veronica Wynn, breached the terms of a promissory note. <u>See</u> <u>Complaint</u> (Doc. #1). The complaint also alleges that under the promissory note defendants owe plaintiff a balance of $40,931.62 in principal and $1,043.48 in interest as of December 23, 2009, plus interest accruing thereafter at the daily rate of $5.2415. <u>Id.</u> Plaintiff demands judgment against defendants in those amounts plus the costs of this action, including costs for filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2).

On April 29, 2010 plaintiff obtained from defendants two separate executed waivers of the service of process. <u>See</u> Docs. #3 and #4. Neither defendant thereafter filed a responsive pleading or

otherwise appeared in the case.

## Analysis

Plaintiff asks the Court to enter default judgment against defendants, citing Fed. R. Civ. P. 55(a).[1] See Motion For Default Judgment (Doc. #5) at 1. The procedural steps contemplated by the Federal Rules of Civil Procedure following defendants' failure to plead or defend begin with the entry of default by the clerk upon plaintiff's request. Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981); see Fed. R. Civ. P. 55(a). Pursuant to Rule 55(c), defendants can then seek to set aside the default. If defendants do not do so, or the court denies a motion to set aside the default, and if no hearing is needed to ascertain damages, the Court may enter judgment by default, or, if defendants have not appeared, the clerk may enter default judgment. Fed . R. Civ. P. 55(b); Sheldon v. Khanal, No. 07-2112-KHV, 2007 WL 2213540, at *2 (D. Kan. Aug. 1, 2007) (citing Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995)) (Rule 55 mandates that party first receive entry of default

---

[1] Rule 55, Fed. R. Civ. P. provides in relevant part as follows:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

>(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

>(2) By the Court. In all other cases, the party must apply to the court for a default judgment.

under Rule 55(a) and then apply for default judgment under Rule 55(b)). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

Because plaintiff may not proceed directly to default judgment before receiving an entry of default, Dewey v. City of Topeka, No. 97-4037-SAC, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997), the Court construes its motion as one for entry of default rather than default judgment. The party seeking entry of default must show that the parties against whom default is sought have been properly served. Peterson v. Carbon County, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998) (because party has no duty to plead until properly served, sufficient service of process is prerequisite to entry of default); Everetson v. Topeka Ass'n. For Retarded Citizens, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005) (questions whether service was proper preclude entry of default). Under the Federal Rules of Civil Procedure, a defendant may waive formal service of process by executing a waiver of process and returning the waiver to plaintiff. See Fed. R. Civ. P. 4(d). To effect such a waiver, plaintiff must file the executed waiver with the Court. See Fisher v. Lynch, 531 F. Supp.2d 1253, 1269 (D. Kan. 2008) (compliance with Rule 4(d) requires plaintiff to file waiver with court). Here, both defendants waived service of process and plaintiff filed the waivers with the Court. In these circumstances, the Court finds that service on defendants was sufficient to permit entry of default. Because defendants failed to appear in this action and have not contested service or opposed plaintiff's motion for entry of default, the Court finds that entry of default against them is appropriate.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Entry Of Default And Judgment By Default With Affidavit Attached (Doc. #5) filed July 15, 2010, which the Court construes as a motion for entry of default, be and hereby is **SUSTAINED**. The Clerk is directed to enter default against Thomas C. Wynn a/k/a Thomas Carroll Wynn and Tabitha V. Wynn a/k/a Tabitha Veronica

Wynn on plaintiffs' claim.

Dated this 3rd day of August, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
